**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                                                    No. 5:18-cr-1852 RB
                                                                                      No. 5:20-cr-1915 RB

JERRY WAYNE TEEL,

     Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>

     **THIS MATTER** is before the Court on Teel's pro se December 31, 2024 Letter, which the Court construes as a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1). (Doc. 40.[1]) Having reviewed the parties' submissions, the record, and the applicable law, the Court finds the motion is not well-taken and should be **DISMISSED**.

**I.    Background**

     On March 9, 2021, pursuant to a plea agreement, Teel pleaded guilty to two counts of distribution of 5 grams and more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), as well as a supervised release violation in 5:18-cr-1852. (Docs. 25–26.) On August 26, 2021, the Court sentenced Teel to 87 months of imprisonment. (Doc. 33.) His anticipated release date is July 19, 2027. (*See* Doc. 43 at 3 (citing Inmate Locator, https://www.bop.gov/inmateloc/).) He now asks the Court to place him on home confinement for the remainder of his sentence. (Doc. 40 at 1.) He also states that he would like to be released in order to "start being a father to [his] children[,]" two of whom are disabled, and because he is struggling with drug addiction. (*Id.*) The Government opposes his request. (Doc. 43.)

---

[1] Although Teel's motion was filed in both of his criminal cases, the Court will cite only to the documents filed in his most recent case, 5:20-cr-1915.

## II.    Discussion

### A.    The Court will dismiss the motion for failure to exhaust.

Under 18 U.S.C. § 3582(c)(1)(A)(i), a sentencing court may grant a motion for compassionate release where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Section 603(b) of the First Step Act provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A).

The Government correctly notes that Teel fails to discuss or demonstrate that he exhausted his administrative remedies before filing his motion with the Court. (*See* Doc. 43 at 5.) Counsel for the Government "confirmed with the BOP that no request for a sentence reduction has been submitted to the Warden at La Tuna FCI." (*Id.*) Because the Government "has preserved its exhaustion challenge[,]" the Court "must enforce § 3582(c)(1)(A)'s exhaustion requirement . . . ." *See United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *3–4 (10th Cir. Dec. 3, 2021). Accordingly, the Court will dismiss the motion for lack of exhaustion.

### B.    Alternatively, Teel's motion lacks merit.

Even if Teel had exhausted his administrative remedies, the Court would deny the motion on the merits. First, "[i]t is well-settled law that a prisoner has no constitutional right to confinement in a particular place, including confinement at home." *United States v. Otero*, No. 1:11-CR-2672-WJ, 2021 WL 39682, at *2 (D.N.M. Jan. 5, 2021) (citing *McKune v. Lile*, 536 U.S. 24, 39 (2002)). "The [Bureau of Prisons (BOP)] retains complete discretion to determine where

2

federal prisoners are housed[,]" which includes the "authority to transfer vulnerable inmates to home confinement." *Id.* (citing 18 U.S.C. §§ 3621(b), 3624(c)(2); *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010)). Thus, the Court lacks authority to consider Teel's request for home confinement. *See id.*

To the extent Teel seeks compassionate release to help care for his children, he also fails to establish extraordinary circumstances that warrant relief. The Sentencing Commission has defined "extraordinary and compelling reasons" in Application Note 1 to United States Sentencing Guidelines Section 1B1.13 to include, in relevant part, "[t]he death or incapacitation of the caregiver of the defendant's . . . minor child . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(b)(3)(A). As the Government notes, Teel "does not provide any information about who is currently caring for his minor children[,]" nor does he "assert that his children do not have a caretaker or that their caretaker died or is incapacitated." (Doc. 43 at 6.) The Court finds that Teel fails to show extraordinary and compelling circumstances exist for release on this basis.

Lastly, Teel states that he has struggled with addiction during his incarceration and feels that release would help him with his addiction. (*See* Doc. 40.) The Government argues that Teel's addiction is not a medical condition that constitutes an extraordinary and compelling circumstance that warrants a sentence reduction. (*See* Doc. 43 at 7.) The Court agrees that Teel fails to show his addiction issues "substantially diminish[ his] ability . . . to provide self-care" or that he "requires long-term or specialized medical care that is not being provided and without which [he] is at risk of serious deterioration in health or death." *See* U.S. Sentencing Guidelines Manual § 1B1.13(b)(1).

For these reasons, the Court would deny the motion on the merits had Teel exhausted his administrative remedies.

3

**IT IS THEREFORE ORDERED** that the Motion for Compassionate Release (Doc. 40)

is **DISMISSED** for failure to exhaust.


_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE